REAGAN (M'IVER v.). See Case No. 8,832.
REAGAN (UNITED STATES v.). See Case No. 16,128.

## Case No. 11,614.

### In re REAKIRT.

[7 N. B. R. 329.] [1]

District Court, E. D. Pennsylvania. April 19, 1871.

**BANKRUPTCY—EXAMINATION OF WITNESSES BEFORE REGISTER — OPINION OF REGISTER —CERTIFICATE TO COURT.**

A register holding provisionally a court of bankruptcy should declare his opinion upon questions which may arise during the course of the proceedings. If exceptions be taken to the register's provisional decision, he should certify the question to the court.

By JOSEPH MASON, Register:

I, Joseph Mason, a register in bankruptcy of said court, to whom the above matter was referred, do certify that on the 17th day of April, 1871, during the course of the examination of John Reakirt, a witness summoned in said matter, the following questions were asked him by Mr. Gilpin, of counsel for the People's Bank, an alleged creditor, a deposition for the proof of whose debt had been made. "Q. Where is your son? A. It is more then I can tell you. Q. Don't you know? A. I don't. Q. Haven't you heard since the forgery? A. I have heard. Q. When did you last hear? A. It has been some time back since I heard from him. Q. When? A. I can't remember. Q. As near as you can? A. It has been some three weeks ago I heard from him. Q. How? A. Through a friend. Q. Whom? A. What do you mean by whom? The individual? Q. Friend? A. His name? Q. Yes. A. His counsel. Q. Who? A. New York counsel. Q. What is the name of his counsel you refer to now? (Mr. Brewster,

---

[1] [Reprinted by permission.]

being present, and representing that he was counsel for the witness, stated that he instructed the witness not to answer; that Mr. Reakirt, acting as agent for his son, is not obliged to disclose the name of his son's counsel; whereupon the witness declined to answer the question.)

"By Mr. Brinckle, for the Tradesman's National Bank: Q. Why do you decline to answer the name of your son's counsel in New York? Mr. Brewster: I instruct the witness not to answer. Q. Have you any other reason besides the instruction of your counsel not to answer this question? A. No particular reason. Q. Was your communication with your son's lawyer in New York verbal or in writing? (Objected to by Mr. Brewster for the same reason, and he instructs the witness not to answer.) Q. Are you acting as your son's agent? A. No, sir; not— Q. Are you acting as your son's agent in any way? A. No, sir. Q. How came you to be in communication with your son's lawyer in New York? (Objected to by Mr. Brewster, who instructs the witness not to answer.) Q. Do you decline to answer this question because your answer might in any way criminate yourself or lead to criminate yourself? (Mr. Brewster objects, and instructs the witness not to answer.) Q. Have you any lawyer in New York? A. I haven't. Q. Were you acting as your son's agent at the time of the communication you have alluded to from your son's counsel in New York? A. No, sir.

"By the Register: Q. Have you ever acted as agent for your son in communications with that counsel? A. No, sir."

I am of opinion that the questions declined to be answered by the witness should be answered by him.

CADWALADER, District Judge. The register holding provisionally the court of bankruptcy should have declared on the examination before him the opinion which he now certifies, and should have ordered the examinant to answer the questions. If an exception to this provisional ruling of the register had then been taken, which is very improbable, he should have certified it for the summary consideration of the court, the examination proceeding in its other parts. If the witness, or examinant, without such exception, refused to answer the question, his contumacy should have been reported.